IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:07CR$\partial\partial$ |
| | § | |
| JOHN BRUCE GUTHRIE (01) | § | |
| SHARLANDA McCOY (02) | § | |
| STACIE CHARM STRIPLING (03) | § | |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

COUNT 1

> Violation: 21 U.S.C. § 846
> (Conspiracy to distribute and possess with intent to
> distribute methamphetamine)

Beginning in or about 2005, the exact date being unknown to the Grand Jury, and

continuing thereafter through at least September 8, 2006, in Smith County, Texas,  and in

Henderson County, Texas, in the Eastern District of Texas, JOHN BRUCE GUTHRIE,

SHARLANDA McCOY, and STACIE CHARM STRIPLING, Defendants herein, did knowingly

and intentionally combine, conspire, confederate and agree together with each other and others

unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to

distribute at least 5 grams or more of methamphetamine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1) prohibiting the distribution and

possession with intent to distribute methamphetamine, a Schedule II controlled substance, as

hereafter set forth.

1

## COUNT 1 OVERT ACTS

1.      On or about January 10, 2006, at his residence on FM 756 in Tyler, Smith County, Texas, JOHN BRUCE GUTHRIE, distributed approximately 14.05 grams of methamphetamine for $550.00.

2.      On or about May 17, 2006, in a Best Western motel room in Gun Barrel City in Henderson County, Texas, SHARLANDA McCOY and an unindicted co-conspirator possessed approximately 23 grams of methamphetamine and drug paraphernalia consistent with methamphetamine use and distribution.

3.      On or about May 31, 2006, in a vehicle, in Eustace, in Henderson County, Texas, SHARLANDA McCOY and an unindicted co-conspirator possessed approximately 3.5 grams of methamphetamine, needles, glass smoking pipes, multiple packaging baggies, a scale, and $2,642 in U.S. Currency.

4.      On or about June 11, 2006, in Tyler, Smith County, Texas, SHARLANDA McCOY possessed digital scales, a glass smoking pipe, and MSM.  McCoy stated she ate a small amount of methamphetamine when a police officer approached.

5.      On or about August 16, 2006, near JOHN BRUCE GUTHRIE's residence on FM 756 in Tyler, Smith County, Texas, an unindicted co-conspirator, possessed .1 gram of actual methamphetamine.  Law enforcement had observed the unindicted co-conspirator depart JOHN BRUCE GUTHRIE's residence and the unindicted co-conspirator stated he had purchased the methamphetamine from JOHN BRUCE GUTHRIE for $25.00.

6.      On or about September 1, 2006, in Smith County, Texas, JOHN BRUCE GUTHRIE and  STACIE CHARM STRIPLING possessed 21 grams of actual methamphetamine

2

and packaging baggies.

      7.      On or about September 8, 2006, in a limousine, in Tyler, Smith County, Texas, SHARLANDA McCOY possessed a loaded syringe, a digital scale, plastic baggies, and $1,250 in U.S. currency.

      Count 1 all in violation of Title 21, United States Code, Section 846.

## COUNT 2

Violation: 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of methamphetamine).

On or about January 10, 2006, in Smith County, Texas, in the Eastern District of Texas, JOHN BRUCE GUTHRIE, Defendant herein, did knowingly, intentionally, and unlawfully possess with intent to distribute and did distribute approximately 14.05 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

Violation: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
(Possession with intent to distribute
methamphetamine and Aiding and Abetting).

On or about September 1, 2006, in Smith County, Texas, in the Eastern District of Texas,

JOHN BRUCE GUTHRIE and  STACIE CHARM STRIPLING, Defendants herein, did

knowingly, intentionally, and unlawfully possess with intent to distribute approximately 21

grams of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21,

United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this

Indictment, Defendants herein, shall forfeit to the United States pursuant to:

1.     any property constituting, or derived from, and proceeds the Defendants obtained, directly or indirectly, as the result of such violation; and

2.     any of the Defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including, but not limited to the following:

**Real Property**

All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements located at 20048 FM 756, Tyler, Smith County, Texas, more fully described as:

A0014 Wm. Luce Survey, Tract 0104.2, Map #: 03600, Abst/Sub#: 100014, Recorded in Book 3307, Page 230, records of Smith County, Texas.

**Cash Proceeds**

Approximately $120,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -
    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with a third person;
    (c) has been placed beyond the jurisdiction of the court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendant up to the value of the above

forfeitable property, including but not limited to all property, both real and personal owned by Defendant.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the

Defendant has in the above-described property is vested in the United States and hereby forfeited

to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL,

Date: 3/6/07

_____
FOREPERSON OF THE GRAND JURY

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

MARY ANN COZBY
ASSISTANT U.S. ATTORNEY
110 N. College, Suite 700
Tyler, Texas  75702
903-590-1400
Bar Card No. 02656020

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:06CR_____ |
| | § | |
| JOHN BRUCE GUTHRIE (01) | § | |
| SHARLANDA McCOY (02) | § | |
| STACIE CHARM STRIPLING (03) | § | |

## NOTICE OF PENALTY

### COUNTS 1-3

Violation:          21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1)

Penalty:            If 500 grams or more of methamphetamine or 50 grams or
                    more of actual methamphetamine - not less than 10 years
                    nor more than life imprisonment, a fine not to exceed
                    $4,000,000, or both - supervised release of at least 5 years.

                    If this violation was committed after a prior conviction for a
                    felony drug offense has become final, not less than 20 years
                    and not more than life imprisonment, a fine not to exceed
                    $8 million, or both - supervised release of at least 10 years.

                    If 50 grams or more of methamphetamine or 5 grams or
                    more of actual methamphetamine- not less than 5 years nor
                    more than 40 years imprisonment, a fine not to exceed
                    $2,000,000, or both - supervised release of at least 4 years.

                    If this violation was committed after a prior conviction for a
                    felony drug offense has become final, not less than 10 years
                    and not more than life imprisonment, a fine not to exceed
                    $4 million, or both - supervised release of at least 8 years.

1

If less than 50 grams of methamphetamine or less than 5 grams of actual methamphetamine- not more than 20 years imprisonment, a fine not to exceed $1,000,000, or both - supervised release of at least 3 years.

If this violation was committed after a prior conviction for a felony drug offense has become final, not more than 30 years imprisonment, a fine not to exceed $2 million, or both - supervised release of at least 6 years.

Special Assessment:   $100.00 for each count

2